```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
----------------------------------------------------------------- x
BENNIE GRAY,                              :
                                          :
                    Plaintiff,            :
                                          :
        v.                                :      3:25-cv-18 (OAW)
                                          :
MATTHEW GODDU, NORWICH POLICE             :
OFFICER, et al.,                          :
                                          :
                    Defendants.           x
-----------------------------------------------------------------
```

### **INITIAL REVIEW ORDER**

Self-represented plaintiff Bennie Gray is an inmate at Wyatt Detention Facility in Rhode Island. He brings this action under 42 U.S.C. § 1983 for alleged violations of his Fourth and Fourteenth Amendment rights against the following employees of the Norwich Police Department: Police Officer Matthew Goddu, Police Chief Patrick Daily, and Police Property Officer John Doe.  Mr. Gray sues Defendants in their individual and official capacities.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  Upon review, the court must dismiss the complaint, or any portion thereof, which is frivolous or malicious, which fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  In accordance therewith, the court has reviewed all factual allegations in the complaint and has conducted an initial review of the same.

I.  **FACTUAL BACKGROUND**

The court does not set forth all of the facts alleged in Mr. Gray's complaint, but summarizes the basic allegations to give context to the rulings below.

On November 30, 2023, Mr. Gray was arrested by Officer Goddu and charged with motor vehicle violations and possession of narcotics with intent to sell.  His cell phone was seized during that arrest.  He ultimately accepted a state plea offer through which he received a suspended prison sentence.  On May 10, 2024, the sentencing court ordered the state to return Mr. Gray's cell phone.  However, the state failed to disclose that on December 7, 2023, a warrant had been signed for a search of Mr. Gray's cell phone.

After his release from custody, Mr. Gray attempted to retrieve his cell phone five times to no avail, although both Norwich Police Chief Daily and Norwich Police Property Officer Doe had been informed of the May 10, 2024, court order.  Despite that order, law enforcement used the phone for five more months to track Gray's physical and financial movements. While in possession of his phone, law enforcement allegedly "interrogated" his Facebook contacts, which resulted in Mr. Gray being banned from Facebook, and informed the CashApp application that Mr. Gray used it to conduct illegal activity, which resulted in the freezing of Mr. Gray's financial account and his being banned from CashApp.  Mr. Gray also was locked out of this Chime, Venmo and ID.me accounts.

On September 5, 2024, Mr. Gray again was arrested for possession of narcotics with intent to sell.  At a related motion hearing on October 24, 2024, the state revealed for the first time the December 7, 2023, warrant.  Officer Goddu submitted the application for the warrant with its supporting affidavit, but never served Mr. Gray with a copy of it, as required by state statute, nor did he file the return of the warrant with a written inventory of all property seized, as had been ordered by the issuing judge.  Because Officer Goddu

2

failed to file the appropriate forms, there was no record of the warrant until it surfaced on October 24, 2024.

The state court determined that the state was in possession of Mr. Gray's cell phone in violation the May 10, 2024, state court order, and ordered its return within seventy-two hours.

## II.     DISCUSSION

Mr. Gray asserts claims under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments.  He contends that Defendants ignored state court orders and his right to privacy.

Section 1983 of Title 42 provides that "[e]very person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."  "The common elements to all § 1983 claims are: '(1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Lee v. City of Troy*, 520 F. Supp. 3d 191, 205 (N.D.N.Y. 2021) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

### A.     Fourth Amendment

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."

U.S. Const. amend. IV; *see also Terry v. Ohio,* 392 U.S. 1, 9 (1968) ("[W]hat the Constitution forbids is not all searches and seizures, but unreasonable searches and seizures.") (quoting *Elkins v. United States*, 364 U.S. 206, 222 (1960)) (internal quotation marks omitted). "The touchstone of the Fourth Amendment is reasonableness . . . ." *United States v. Knights*, 534 U.S. 112, 118 (2001). "To determine whether a seizure is unreasonable, a court must 'balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interest alleged to justify the intrusion' and determine whether 'the totality of the circumstances justified [the] particular sort of . . . seizure.'" *Carroll v.Cnty. of Monroe*, 712 F.3d 649, 651 (2d Cir. 2013) (quoting *Tennessee v. Garner*, 471 U.S. 1, 8–9.

Here, Mr. Gray fails to state a plausible Fourth Amendment claim for several reasons. First, he pleaded guilty to the criminal charges stemming from his November 30, 2023, arrest, during which arrest his phone initially was seized. It is well established that "a guilty plea waives all non-jurisdictional defects and defenses, including an objection to the constitutionality of the search." *Parker v. Suffolk Cnty. Police Dep't*, 2023 WL 5047784, at *5 (E.D.N.Y. Aug. 7, 2023) (citing *United States v. Lasaga*, 328 F.3d 61, 63 (2d Cir. 2003) ("A defendant who pleads guilty unconditionally admits all elements of the formal charge and ... waives all challenges to prosecution except those going to the court's jurisdiction.")). *See, e.g., Cuadrado v. Naugatuck Police,* No. 3:22-CV-969 (SRU), 2023 WL 8188685, at *2 (D. Conn. Nov. 27, 2023) (dismissing as not plausible plaintiff's Fourth Amendment claims of illegal search and seizure because he had pleaded guilty to the criminal charges related to such violations).

Additionally, Mr. Gray alleges that his cell phone data was searched pursuant to a warrant obtained by Officer Goddu in December 2023, well before his May 10, 2024, guilty plea and the order for return of the cell phone. "Normally, the issuance of a warrant by a neutral magistrate, which depends on a finding of probable cause, creates a presumption that it was objectively reasonable for the officers to believe that there was probable cause" to make a seizure. *Golino v. City of New Haven* 950 F.2d 864, 870 (2d Cir. 1991). A plaintiff can only defeat this presumption "by showing that a defendant (1) 'knowingly and deliberately, or with a reckless disregard of the truth,' procured the warrant, (2) based on 'false statements or material omissions,' that (3) 'were necessary to the finding of probable cause.'" *Ganek v. Leibowitz*, 874 F.3d 73, 81 (2d Cir. 2017) (quoting *Velardi v. Walsh*, 40 F.3d 569, 573 (2d Cir. 1994)). Mr. Gray has not alleged any facts to support an inference that the presumption of reasonableness does not attach to the warrant for the cell phone search. No facts suggest that Officer Goddu procured the warrant through any disregard for the truth or deception, and thus, the court cannot conclude that the retention of the cell phone or use of its data presents a plausible Fourth Amendment claim. *See Milau v. Suffolk Cnty.*, No. 17-CV-06061 (JS) (SIL), 2025 WL 1029394, at *12 (E.D.N.Y. Feb. 13, 2025), *report and recommendation adopted*, No. 17-CV-6061 (JS)(SIL), 2025 WL 957533 (E.D.N.Y. Mar. 31, 2025) (noting that "the Second Circuit does not recognize a Fourth Amendment cause of action for 'continued retention of personal property where plaintiffs already challenge the reasonableness of the initial seizure.'") (quoting *Anderson v. Townsend*, No. 21-CV-03569 (LAK), 2021 WL 5359681, at *5 (S.D.N.Y. Nov. 17, 2021)); *see also Bennett v. Dutchess Cnty.*, 832 F. App'x 58, 60 (2d Cir. 2020) (summary order) (noting that "'a seizure claim based [solely] on the unlawful

5

retention' of property that was lawfully seized has been recognized as 'too novel a theory to warrant Fourth Amendment protection.'" (quoting *Shaul v. Cherry Valley-Springfield Cent. Sch. Dist.*, 363 F.3d 177, 187 (2d Cir. 2004)) (alteration in original).  Although Mr. Gray's allegations indicate violation of state law, including statutes governing warrants and the state court order, those violations do not support a Fourth Amendment claim.  *See United States v. Sinisterra*, No. 3:21-CR-00156 (KAD), 2024 WL 897935, at *5 (D. Conn. Mar. 1, 2024) (stating that in general, a search warrant satisfies constitutional standards where it "set[s] forth evidence establishing probable cause to believe a crime has been committed and that evidence of that crime can be found in what is to be searched.") (quoting *United States v. Weigand*, 482 F. Supp. 3d 224, 240 (S.D.N.Y. 2020)) (internal quotation marks omitted).

Further, while the court has mentioned Mr. Gray's arrest from September 5, 2024, which resulted in federal criminal charges which remain pending, Mr. Gray has not claimed in that case that those federal charges or any evidence related thereto were the fruits of an unreasonable search or seizure of the phone at issue in this federal civil matter.  *See* Case No. 3:24-cr-213 (VDO) at ECF Nos. 46 (Motion to Suppress Evidence), 129 (Post-Hearing Memorandum).  And even if he had raised such a claim, the available remedy for such a violation would be the suppression of evidence in that separate criminal federal case.  Thus, in this civil case, the Fourth Amendment claim must be dismissed.

    **B.**    **Fourteenth Amendment Violation**

"A procedural due process claim is composed of two elements: (1) the existence of a property or liberty interest that was deprived and (2) deprivation of that interest without due process."  *Radwan v. Manuel*, 55 F.4th 101, 123 (2d Cir. 2022) (quoting

6

*Bryant v. N.Y. State Educ. Dep't*, 692 F.3d 202, 218 (2d Cir. 2012)).  "When reviewing alleged procedural due process violations, the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees."  *McCrae v. Town of Brookhaven*, 759 F. Supp. 3d 372, 395 (E.D.N.Y. 2024) (quoting *Flynn v. Bloomingdale*, No. 22-1431, 2023 WL 4832223, at *3 (2d Cir. July 28, 2023) (summary order) (internal quotation marks omitted).

Here, Mr. Gray's allegations do not indicate that state procedure itself violates the Constitution.  Quite the opposite, he claims that he was deprived of his property in violation of state procedure.  Thus, this is a random and unauthorized property deprivation.  *See Hellenic Am. Neighborhood Action Comm.*, 101 F.3d at 881 (finding actions random and unauthorized when defendants allegedly acted in violation of a City Charter); *Maye v. Strollo*, No. 3:21-CV-00527 (SVN), 2023 WL 1474614, at *6 (D. Conn. Feb. 2, 2023) (finding that allegations that police illegally evicted the plaintiff from his place of business showed random and unauthorized action).  As such, it does not constitute a violation of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Longmoor v. Nilsen*, 329 F. Supp. 2d 289, 299 (D. Conn. 2004) ("[W]here the intentional deprivation of a property interest results from the random and unauthorized act of a state employee and not pursuant to some established state procedure, the State cannot predict or foresee such deprivation and therefore is not required under the Fourteenth Amendment to provide a pre deprivation hearing if adequate post deprivation state remedies exist.").  "Although the state remedies may not provide the [a plaintiff] with all the relief which may have been available if he could have proceeded under 1983, that

does not mean that the state remedies are not adequate to satisfy the requirements of due process." *Parratt v. Taylor*, 451 U.S. 527, 544 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327(1986).

Here, Mr. Gray pursued his state remedy of enforcing the May 10, 2024, order in a subsequent state court hearing.  Although Mr. Gray's complaint reflects that he obtained his cell phone only after the state court issued a second order, Mr. Gray also had additional available state common law remedies to redress his property deprivation. *Radice v. Doe*, No. 3:24-CV-531 (VAB), 2024 WL 3429345, at *3 (D. Conn. July 14, 2024) (dismissing Fourteenth Amendment property deprivation claim because plaintiff could file actions in state court for negligence, replevin, and conversion under Connecticut law and therefore had adequate post-deprivation remedies under state law).  Accordingly, Plaintiff's Fourteenth Amendment procedural due process claim also must be dismissed.

**C.    State Law Claims**

To the extent Mr. Gray alleges any claims under state law, the court declines to exercise supplemental jurisdiction over them, as all federal claims in this action are dismissed as not plausible.  *See* 28 U.S.C. § 1367(c)(3) (providing that the court may decline to exercise supplemental jurisdiction over a state law claim if the court has dismissed all claims over which it has original jurisdiction).  Any state law claims are dismissed without prejudice.

**III.   CONCLUSION**

For the foregoing reasons, Mr. Gray's complaint is DISMISSED for failure to state any plausible claims under 42 U.S.C. § 1983.  *See* 28 U.S.C. § 1915A(b).  As the court

declines to exercise jurisdiction over Mr. Gray's state law claims, those are dismissed without prejudice.

Mr. Gray is afforded one opportunity to correct the deficiencies of his complaint in an amended complaint.  He is advised that any amended complaint will completely replace the prior complaint in the action, and that no portion of his prior complaint shall be incorporated into his amended complaint by reference.  Plaintiff also is advised that if he fails to submit an amended complaint on or before **March 12, 2026,** the court will, without further order, close this action.

**IT IS SO ORDERED** at Hartford, Connecticut, this 10th day of February, 2026.

/s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE